IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL PAUL BLACKMON,

    Petitioner,

    v.                                                        No. 16-CV-0006-RB-KBM

A.J. SMITH,

    Defendant.

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND TO ANSWER

    This matter is before the Court, *sua sponte* under Rules 1 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on Petitioner Manuel Paul Blackmon's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody[1] [Doc. 8] and Application to Proceed in District Court Without Prepaying Fees or Costs Pursuant to 28 U.S.C. § 1915 [Doc. 9].  The Court will grant Petitioner's Application to Proceed *In Forma Pauperis*, construe his Amended Petition as attacking the execution of his federal sentence pursuant to 28 U.S.C. § 2241, and order the Respondent to file an answer.

    Pursuant to the financial information provided by Petitioner, the Court concludes that he is unable to pay the filing fee or give security therefor pursuant to 28 U.S.C. § 1915.  [*See* Doc. 9] Because habeas corpus proceedings are not "civil actions" for the purposes of 28 U.S.C. §§ 1915(a)(2) and (b), the filing fee provisions of the Prison Litigation Reform Act of 1995 (PLRA)

---

[1] The Court notes that Plaintiff's original Petition and Amended Petition are identical, with the addition of one page of case citations on page thirty-four of the Amended Petition.  [*Compare* Docs. 1 and 8]  The Court will treat the Amended Petition [Doc. 8] as the operative Petition for the purposes of its review under § 1915(e)(2) and Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

are inapplicable to the present case.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810-12 (10th Cir. 1997).

Although Petitioner filed a form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, the Amended Petition challenges the execution of Petitioner's federal sentence in *United States of America v. Blackmon*, 12-CR-02006-RB.  [Doc. 8]  The Petition lists Petitioner's federal conviction and sentence in 12-CR-02006-RB as "the judgment of conviction [Petitioner is] challenging" and states that "[t]his is a Federal Matter." [Doc. 8 at 1, 5]  Specifically, the Amended Petition challenges the "commencement of [Petitioner's] federal sentence," alleging that Petitioner's "state sentence was to run concurrent with his federal sentence" and, therefore, "Petitioner needs the Attorney General or Federal Bureau of Prisons, to designate the state facility for service of the federal sentence."  [Doc. 8 at 5] Thus, Petitioner seeks to credit toward his federal sentence the time he is currently spending in state custody serving his state sentence.  [Doc. 8 at 15]

"[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").  Because Petitioner does not challenge the validity of his state conviction or sentence, but rather challenges the execution of his federal sentence, the Court liberally will construe the Amended Petition as a petition challenging the execution of Petitioner's federal sentence pursuant to § 2241.  *See Castro v. United States*, 540 U.S. 375, 377 (2003) (noting that federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category").

After examining the Amended Petition and attached exhibits pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will order an answer to the Amended Petition.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs Pursuant to 28 U.S.C. § 1915 [Doc. 9] is GRANTED;

IT IS FURTHER ORDERED that the Clerk is directed to forward copies of this Order and the Amended Petition [Doc. 8] to Respondent and the United States of America;

IT IS FURTHER ORDERED that, within twenty-three days from entry of this Order, Respondent shall answer the Amended Petition.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE