IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL PAUL BLACKMON,

    Petitioner,

v.                                                         CIV 16-0006 RB/KBM
                                                               CR 12-2006 RB-15

R.J. SMITH, Warden,
UNITED STATES OF AMERICA,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the United States' Supplemental Motion to Dismiss for Mootness (*Doc. 24*), filed July 11, 2016. District Judge Robert Brack referred this matter to me on January 7, 2016, for a recommended disposition. *Doc. 5*. Having considered the parties' submissions, relevant law, and the record in this case the Court recommends that the Motion be granted, Petitioner's Amended 28 U.S.C. § 2241 Petition (*Doc. 8*) be dismissed as moot, and this case be dismissed.

### I.    BACKGROUND

Petitioner filed his Amended Petition on February 2, 2016. *Doc. 8*. Petitioner seeks to clarify the commencement of his federal sentence, which was to run concurrently with the state sentence he is currently serving. *Id.* at 5. The United States filed a Motion to Dismiss for failure to state a claim on May 4, 2016. *Doc. 20*. In that Motion, the United States indicated that, while the Petition should be dismissed for failure to exhaust administrative remedies, "[i]n an effort to assist Petitioner, the undersigned has taken the liberty of gathering the relevant documents, forwarding them to BOP, and beginning the administrative process on Petitioner's behalf." *Id.* at 9. In

other words, the United States began the administrative process of obtaining Petitioner's requested relief by seeking to retroactively designate his current state facility as the place where his federal sentence began. *Doc. 24* at 1-2.

The United States' efforts were successful. In a letter dated July 6, 2016, Judge Brack indicated that "[a]ll parties concur that the federal sentence *should* run concurrently with the state sentence." *Doc. 24-1* at 2 (emphasis in original). Upon receipt of this letter the Bureau of Prisons ("BOP") granted the requested relief and began running Petitioner's federal sentence from March 18, 2014, the date that he was sentenced in federal court. *See Doc. 24-2*. The United States argues that this grant of relief renders the petition moot. Petitioner has not responded.

## II.  ANALYSIS

The Court agrees with the United States that the BOP's grant of relief renders Petitioner's petition moot. Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). For the federal courts to retain jurisdiction over an action, "an actual controversy must be extant at all stages of review." *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome . . . . The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the real world.'" *Id.* (quotations and citations omitted). Like other federal actions, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under

Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998).

The case or controversy presented in the petition appears to have been rendered moot by the BOP's determination that Petitioner's federal sentence is to run concurrently with the state sentence he is currently serving. Thus, there does not appear to be any live case or controversy pending before the Court; the petition is moot and this action should be dismissed for lack of jurisdiction. *See, e.g., United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002) ("Once [an actual] controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter.").

### III. CONCLUSION

For the foregoing reasons, it is recommended that the Petition be **dismissed** as moot, that all other pending motions be **denied** as moot, and that this proceeding be **dismissed** for lack of jurisdiction.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**